# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY B. WILKS,

    Plaintiff,

v.

NEVIN WEBSTER, LINDA ALSUM-O'DONOVAN, and CATHY A. JESS,

    Defendants.

Case No. 15-CV-344-JPS
7th Cir. Case No. 17-1772

**ORDER**

    Plaintiff, a prisoner incarcerated at Waupun Correctional Institution, proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #1). On March 17, 2017, District Judge Charles N. Clevert, Jr., granted Defendants' motion for summary judgment and dismissed this action with prejudice. (Docket #57 and #58). On April 12, 2017, Plaintiff filed a notice of appeal of that ruling. (Docket #59). That same day, Plaintiff filed a motion to proceed on his appeal *in forma pauperis*. (Docket #61). Also on that day, the matter was reassigned this branch of the Court.

    Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue

that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

Plaintiff's appeal is not taken in good faith. Plaintiff's motion to proceed *in forma pauperis* states that Judge Clevert erred in his assessment of the material facts, in refusing to strike Defendants' response to his motion for summary judgment, and in applying relevant Supreme Court opinions to his claim of Defendants' allegedly unconstitutional photocopying procedure. (Docket #61 at 1). These contentions are meritless. As noted in the summary judgment order, the ultimate set of undisputed facts was established by Judge Clevert's careful consideration of the parties' factual briefing. If certain facts included in that order were not as Plaintiff believed, it was due to his failure to properly support or dispute that fact. (Docket #57 at 1, n.1). Judge Clevert's acceptance of Defendants' late submission had no effect on the outcome of the case. Defendants' motion for summary judgment was granted, obviating the need to even address Plaintiff's motion. *Id.* at 11-17. Further, accepting late filings is a matter within the Court's discretion and, on such a minor issue, is extremely unlikely to be reversed by the Court of Appeals. Finally, even assuming Plaintiff had any arguable basis to dispute Judge Clevert's application of relevant precedent, the entire discussion of those cases was offered in the alternative. Judge Clevert had already decided that Plaintiff could not present a viable cause of action related to the photocopying procedures. *Id.* at 12-13. In sum, no reasonable person could suppose that the instant appeal has merit, and the Court must therefore deny the motion for leave to proceed on appeal *in forma pauperis.* The Court will likewise deny as moot Plaintiff's request related to paying an initial partial

filing fee, which erroneously assumed that he would be granted *in forma pauperis* status on appeal. (Docket #64).

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #61) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion related to his initial partial filing fee on appeal (Docket #64) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge